Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Annie Aboulian (SBN 280693)
annie@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile: (310) 417-3538
Attorneys for Plaintiff

Karen Vogel Weil (Bar No. 145,066)
karen.weil@knobbe.com
Mark D. Kachner (Bar No. 234,192)
mark.kachner@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
10100 Santa Monica Blvd., Suite 1600
Los Angeles, CA  90067
Phone: (310) 551-3450
Facsimile: (310) 551-3458

Attorneys for Defendants/Counterclaim Plaintiffs
BOSTON PROPER, INC. and BODELL, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED FABRICS INTERNATIONAL, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>BOSTON PROPER, INC., a Florida corporation; BODELL, INC., a California corporation, and DOES 1-10, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM | CV 13-4834- ODW (FFMx)<br><br>Hon. Otis D. Wright II<br><br>**STIPULATED PROTECTIVE ORDER** |

## ORDER AND STATEMENT OF GOOD CAUSE

Plaintiff United Fabrics International, Inc. and Defendants Boston Proper, Inc. and Bodell, Inc. (collectively, the "Parties"; individually, a "Party") agree that disclosure and discovery activities in this action are likely to involve production of highly sensitive financial or business information or proprietary information that has not been disseminated to the public at large, that is not readily discoverable by competitors and that has been the subject of reasonable efforts by the respective Parties to maintain its secrecy, and for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Such information likely will include, among other things, sensitive product information, product design and development materials, marketing and sales information, purchase orders, invoices, distributor information, and customer information relating to design and sales of fabric and fashion apparel.

Each Party wishes to ensure that such confidential information shall not be used for any purpose other than this action and shall not be made public by another Party beyond the extent necessary for purposes of this action. The Parties therefore seek to facilitate the production and protection of such information. The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The Parties further acknowledge that this Protective Order creates no entitlement to file confidential information under seal.

Good cause exists to enter the instant Protective Order to protect such confidential information from public disclosure. The confidential information includes information that could be used by actual or potential competitors to gain a competitive advantage in the marketplace.

Accordingly, based upon the agreement of the Parties and for good cause shown,

IT IS HEREBY ORDERED that whenever, in the course of these proceedings, any Party or non-party has occasion to disclose information deemed in good faith to constitute confidential information, the Parties and any such non-party shall employ the following procedures:

1. All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" or "Attorneys' Eyes Only" shall be used only in this proceeding. Nothing in this order shall preclude Plaintiff from using information as to the identity of other individuals or companies involved in the manufacture and sale of the accused product to seek to amend the pleadings and/or assert its copyrights against said companies in a separate action. Defendants preserve all objections to any attempts by Plaintiff to amend the pleadings or file a separate action.

2. Use of any information or documents labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, or competitive purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents otherwise publicly available or lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

3. The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" or "Attorneys' Eyes Only" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is

confidential under the applicable legal standards. The party shall designate each page of the document with a stamp identifying it as "Confidential" or "Attorneys' Eyes Only," if practical to do so.

4. If portions of documents or other materials deemed "Confidential" or "Attorneys' Eyes Only" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

CONFIDENTIAL

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE ORDER.

*or*

ATTORNEYS' EYES ONLY

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER.

If a party is filing a document that it has itself designated as "Confidential" or "Attorneys' Eyes Only," that party shall reference this Stipulated Protective Order in submitting the documents it proposes to maintain under seal. If a non-

*1* designating party is filing a document that another party has designated as *2* "Confidential" or "Attorneys' Eyes Only," then the non-designating party shall *3* file the document under seal. If the non-designating party makes a request in *4* writing to have the document unsealed and designating party does not file, *5* within ten calendar days, a motion that shows good cause to maintain the *6* document under seal, then the Court shall unseal the document. Before seeking *7* to maintain the protection of documents filed with the Court, a party must assess *8* whether redaction is a viable alternative to complete nondisclosure.

*9*     5.    Within thirty (30) days after receipt of the final transcript of the *10* deposition of any party or witness in this case, a party or the witness may *11* designate as "Confidential" or "Attorneys' Eyes Only" any portion of the *12* transcript that the party or witness contends discloses confidential information. *13* If a transcript containing any such material is filed with the Court, it shall be *14* filed under seal and marked in the manner described in paragraph 4. Unless *15* otherwise agreed, all deposition transcripts shall be treated as "Confidential" *16* until the expiration of the thirty-day period.

*17*     6.    "Confidential" or "Attorneys' Eyes Only" information and *18* documents subject to this Protective Order shall not be filed with the Court or *19* included in whole or in part in pleadings, motions, briefs, etc., filed in this case, *20* except when any portion(s) of such pleadings, motions, briefs, etc. have been *21* filed under seal by counsel and marked in the same manner as described in *22* paragraph 4 above. Such sealed portion(s) of pleadings, motions, briefs, *23* documents, etc., shall be opened only by the Court or by personnel authorized to *24* do so by the Court.

*25*     7.    Use of any information, documents, or portions of documents *26* marked "Confidential," including all information derived therefrom, shall be *27* restricted solely to the following persons, who agree to be bound by the terms of

*28*

- 4 -

this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

    a.    Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

    b.    In-house counsel for the parties, and the administrative staff for each in-house counsel.

    c.    Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

    d.    Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

    e.    The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

    f.    The authors and the original recipients of the documents.

    g.    Any court reporter or videographer reporting a deposition.

    h.    Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

8.    Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the persons listed in paragraphs 7(a), 7(b), 7(d), 7(e),

1  7(f), 7(g) and 7(h), unless additional persons are stipulated by counsel or authorized by the Court.

9. Prior to being shown any documents produced by another party marked "Confidential" or "Attorneys' Eyes Only," any person listed under paragraph 7(c) or 7(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

10. Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraphs 7 and 8, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

11. Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file a noticed motion before the Court pursuant to Local Rule 37, requesting that the Court rule that the document is not entitled to the designation given by the designating party or is entitled to a designation receiving greater protection under this Protective Order than that given by the designating party. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

*1*     12.     The inadvertent failure to designate a document, testimony, or *2* other material as "Confidential" or "Attorneys' Eyes Only" prior to disclosure *3* shall not operate as a waiver of the party's right to later designate the document, *4* testimony, or other material as "Confidential" or "Attorneys' Eyes Only." The *5* receiving party or its counsel shall not disclose such documents or materials if *6* that party or counsel knows or reasonably should know that a claim of *7* confidentiality would be made by the producing party. Promptly after receiving *8* notice from the producing party of a claim of confidentiality, the receiving party *9* or its counsel shall inform the producing party of all pertinent facts relating to *10* the prior disclosure of the newly-designated documents or materials, and shall *11* make reasonable efforts to retrieve such documents and materials and to prevent *12* further disclosure.

*13*     13.     Designation by either party of information or documents as *14* "Confidential" or "Attorneys' Eyes Only," or failure to so designate, will not *15* constitute an admission that information or documents are or are not *16* confidential or trade secrets. Neither party may introduce into evidence in any *17* proceeding between the parties, other than a motion to determine whether the *18* Protective Order covers the information or documents in dispute, the fact that *19* the other party designated or failed to designate information or documents as *20* "Confidential" or "Attorneys' Eyes Only."

*21*     14.     If a receiving party is served with a subpoena or an order issued in *22* other litigation that would compel disclosure of any information or items *23* designated in this action as "Confidential" or "Attorneys' Eyes Only," the *24* receiving party must so notify the producing party, in writing immediately and *25* in no event more than seven (7) days after receiving the subpoena or order. *26* Such notification must include a copy of the subpoena or court order.  The *27* receiving party also must immediately inform in writing the party who caused *28* the subpoena or order to issue in the other litigation, that some or all the

- 7 -

material covered by the subpoena is subject to this Protective Order. In addition, the receiving party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the producing party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The producing party shall bear the burdens and the expenses of seeking protection in that court of its confidential information—and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

15. If the producing party inadvertently discloses information, including electronic documents, that is privileged or otherwise immune from discovery (including, without limitation, information that is attorney-client privileged or work product), and the producing party discovers the inadvertent disclosure, the producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned; alternatively, if the receiving party discovers a disclosure that objectively appears to be inadvertent, the receiving party shall promptly upon discovery of such disclosure so advise the producing party in writing and return the item or items. No party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the receiving party shall return or destroy such privileged or immune documents, and all copies thereof, within 10 calendar days of receiving a written request for the return of such item or items of information. To the extent such information is otherwise discoverable, the receiving party having returned such documents may thereafter, without asserting waiver because of inadvertent

production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure.

16. Upon the request of the producing party or third party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request.

17. This Protective Order shall not constitute a waiver of any party's or nonparty's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

18. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

19. The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

# EXHIBIT A

I, _____, have been advised by counsel of record for _____ of the protective order in the matter of *United Fabrics International, Inc. v. Boston Proper, Inc. et al.*, Case No. CV 13-4834 ODW (FFMx), governing the delivery, publication, and disclosure of confidential documents and information produced in this litigation. I have read a copy of the protective order and agree to abide by its terms.

_____
Signed

_____
Printed

_____
Date

So stipulated:

/s/ Stephen M Doniger
*(with permission Karen Vogel Weil)*
Stephen M. Doniger
stephen@donigerlawfirm.com
Scott A. Burroughs
scott@donigerlawfirm.com
Annie Aboulian
annie@donigerlawfirm.com
Trevor W. Barrett
tbarrett@donigerlawfirm.com
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile: (310) 417-3538

Attorneys for Plaintiff

/s/ Karen Vogel Weil

Karen Vogel Weil
karen.weil@knobbe.com
Mark D. Kachner
mark.kachner@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
10100 Santa Monica Blvd., Suite 1600
Los Angeles, CA 90067
Phone: (310) 551-3450
Facsimile: (310) 551-3458

Attorneys for Defendants/Counterclaim Plaintiffs
BOSTON PROPER, INC. and BODELL, INC.

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this action.

**IT IS SO ORDERED.**

DATED: October 22, 2013

_____
Honorable Judge Otis D. Wright II
United States District Judge

16508165